UNITED STATES v. HANKEY.

(District Court, D. Massachusetts. August 14, 1912.)

No. 302, Equity.

INTERNAL REVENUE (§ 26*)—WAR REVENUE ACT—LEGACY TAXES—LIEN.

The legacy tax imposed by the Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), on "legacies or distributive shares arising from personal property," construing said section in connection with section 30, providing for the collection of such tax, is not a lien upon the real estate of the decedent.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 74; Dec. Dig. § 26.*

Internal revenue tax on legacies, inheritances, and transfers, see note to Ward v. Sage, 108 C. C. A. 417.]

In Equity. Suit by the United States against Louise O. Hankey. On demurrer to bill. Sustained.

Asa P. French, U. S. Atty.

Blodgett, Jones & Burnham, Douw Ferris, and Reese D. Alsop, for defendant.

COLT, Circuit Judge. The question raised by the demurrer to this bill relates to the proper construction of sections 29 and 30 of "An act to provide ways and means to meet war expenditures and for other purposes," passed June 13, 1898 (30 Stat. 448), as amended by Act March 2, 1901, c. 806, 31 Stat. 938 (U. S. Comp. St. 1901, pp. 2307, 2308, and U. S. Comp. St. Supp. 1909, p. 876).

Sections 29 and 30 of this act relate to the imposition of a tax on legacies and distributive shares of personal property, and the question raised by the demurrer is whether Congress intended under the provisions of these sections that this tax should be a lien on the real estate of the testator.

The present bill is brought to enforce such a lien.

It appears from the bill that Anthony Hankey died on June 19, 1899, leaving personal property to be administered under the provisions of his will, and that his son, Anthony Hankey, Jr., and Margaret A. Hankey, were duly appointed executors. It further appears that under the provisions of the will his son was left a legacy exceeding $10,000. It further appears that under sections 29 and 30 of the aforesaid act a tax was due the United States upon the son's legacy, amounting to $638.16, in accordance with the return made by the executors dated December 10, 1906, and that a tax of that amount was duly assessed upon said legacy by the Commissioner of Internal Revenue, and a demand for payment duly made upon said executors, and that said executors have refused to pay the same, and that said tax has never been paid.

It further appears from the bill that the testator left certain real estate situated in the city of Boston, and that under the provisions of the will his son became the owner of one undivided half of this property. It further appears that on June 15, 1908, the son conveyed his interest in this real estate by quitclaim deed to George F. Brown, and that on June 16, 1908, said Brown conveyed said real estate by quitclaim deed to Louise O. Hankey, of Philadelphia; said Louise being the wife of the son of the testator.

The bill further alleges that:

"The tax or duty levied by said acts upon legacies or distributive shares arising from personal property of persons whose estates were subject to said tax shall be a lien and charge upon the property of every person who may die possessed of property taxable under the provisions of said act for twenty years, or until the same shall, within that period, be fully paid to and discharged by the United States, and that said lien and charge duly attached to said lands and still exists."

The prayer of the bill reads as follows:

"That a judgment or decree be entered by this honorable court adjudging said tax to be due and payable, and, if said court shall find said tax to be due and payable, that process issue to subject said lands, or such portion of the same as may be necessary, to be sold, and from the proceeds of said sale that the amount of said tax, together with all costs and expenses of every description, be allowed by this honorable court to be first paid, and the balance, if any, deposited under the order of the court, to be paid by its di-

rection to the respondent, or such other person or persons as shall appear to be entitled to the same."

The government's case rests upon the proposition that under the statute this tax is a lien on the real estate of the testator, and that, upon the refusal of the executors to pay a tax duly assessed upon a legacy, the government at any time within 20 years may proceed to enforce a lien against any real estate belonging to the testator at the time of his death in the hands of any party who may be the owner of such real estate at the time the suit is brought. For example, in the case at bar, a tax of $638.16 upon a legacy given to Anthony Hankey, Jr., under the will of his father, who died June 19, 1899, was due the United States, under the statute, in accordance with the return made by the executors on December 10, 1906; and the executors having failed to pay this tax and deduct it from this particular legacy, as provided by the statute, the government on December 20, 1911, brings this bill in equity against Louise O. Hankey, the purchaser of a part of the testator's real estate, seeking to enforce a lien against this real estate.

It is the wise policy of the law that no tax shall be assessed against property unless it clearly appears from the statute that such was the intention of the Legislature. Applying this rule to the case at bar, this demurrer should be sustained, unless it clearly appears that, under sections 29 and 30 of the act of June 13, 1898, as amended, Congress intended that this tax should be a lien on the testator's real estate.

Upon reading sections 29 and 30, the main purpose which Congress had in mind is free from doubt. It intended by these provisions to levy an inheritance tax on legacies and distributive shares of personal property in excess of $10,000. It further intended that the executor, administrator, or trustee having in charge or trust any such legacy or distributive share should pay the tax due on such legacy or distributive share to the United States Collector, and that this tax should be deducted from the particular legacy or distributive share on account of which the tax is charged.

But Congress did not stop here. It further provided what proceedings should take place in case the executor, administrator, or trustee should refuse or neglect to pay the tax due on such legacy or distributive share; in other words, it provided what should be done in a case like the one at bar.

Section 30, among other things, says:

"And in case such executor, administrator, or trustee shall refuse or neglect to pay the aforesaid duty or tax to the collector or deputy collector, as aforesaid, within the time hereinbefore provided * * * the collector shall commence appropriate proceedings before any court of the United States, in the name of the United States, against such person or persons as may have the actual or constructive custody or possession of such property or personal estate, or any part thereof, and shall subject such property or personal estate, or any portion of the same, to be sold upon the judgment or decree of such court, and from the proceeds of such sale the amount of such tax or duty, together with all costs and expenses of every description to be allowed by such court, shall be first paid, and the balance, if any, deposited according to the order of such court, to be paid under its direction to such person or persons as shall establish title to the same. The deed or deeds, or any prop-

er conveyance of such property or personal estate, or any portion thereof, so sold under such judgment or decree, executed by the officer lawfully charged with carrying the same into effect, shall vest in the purchaser thereof all the title of the delinquent to the property or personal estate sold under and by virtue of such judgment or decree, and shall release every other portion of such property or personal estate from the lien or charge thereon created by this act. * * * Any tax paid under the provisions of sections twenty-nine or thirty shall be deducted from the particular legacy or distributive share on account of which the same is charged."

These provisions declare that, in case the executors refuse or neglect to pay the tax, the collector *shall* commence legal proceedings against any person who may have the actual or constructive custody or possession of *such property or personal estate,* and shall subject *such property or personal estate* to be sold upon the judgment or decree of the court, and the deed or proper conveyance of *such property or personal estate* sold under such judgment or decree shall vest in the purchaser thereof *all the title of the delinquent* to the *property or personal estate* sold under or by virtue of such judgment or decree.

Reading the words "such property or personal estate" in connection with the general context, and especially in connection with the words "shall vest in the purchaser thereof all the title of the delinquent to the property or personal estate," it is plain that "such property or personal estate" refers to the legacies or distributive shares of personal property which have come into the hands of the executors, and which were subject to the payment of a tax under section 29. I fail to find in these provisions, which relate to the remedy provided for the collection of the tax in case the executors refuse or neglect to pay it, any language to the effect that Congress intended that this tax should be a lien upon the real estate of the testator.

The government's position, and the whole ambiguity with respect to this statute, rest upon the use of the word "property" in the following first five lines of section 30:

"That the tax or duty aforesaid shall be due and payable in one year after the death of the testator and shall be a lien and charge upon the property of every person who may die as aforesaid for twenty years, or until the same shall, within that period, be fully paid to and discharged by the United States."

It is true that, standing alone, the words "shall be a lien or charge upon the property of any person who may die aforesaid" may be construed as covering the real as well as the personal estate of the testator; but when this language is read in connection with the purpose of the statute, which was to subject legacies and distributive shares of personal property above a certain amount to the payment of a tax, and also with the provisions which follow in this section as to proceedings to collect the tax, it is by no means free from doubt that Congress intended by this language to make this tax a lien on the testator's real estate. This doubt is strengthened by the fact that such a construction of the statute would lead to injustice. It would subject property to the payment of this tax which is not the subject of the tax. It would subject the real estate of the testator in the hands

of an innocent purchaser to the payment of this tax, and permit the legatee whose legacy is chargeable with this tax to escape its payment. It would render null and void the closing provision of section 30, that this tax "shall be deducted from the particular legacy or distributive share on account of which the same is charged."

Upon careful consideration of sections 29 and 30, I am of the opinion that if Congress had intended that this tax should be a lien on the testator's real estate it should have made its intention clear and unmistakable, and, failing to do this, that the defendant's third ground of demurrer should be sustained.

Demurrer sustained.